UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LARRY LENGACHER *et al.*,

            Plaintiffs,

    v.                                     CAUSE NO. 3:23-CV-547 DRL-MGG

RAYAN WAYNE *et al.*,

            Defendants.

## OPINION AND ORDER

After a rear-end collision, Larry and Wendy Lengacher sued semitruck driver Rayan Wayne and his employer, Moonlight Transportation LLC, alleging various negligence theories and loss of consortium. They request punitive damages. Under Rules 12(b)(6) and 12(c), the defense asks the court to dismiss the negligent hiring or supervision claim and the request for punitive damages. The court grants the motion in part and recasts the punitive damages claim into a prayer for relief.

## BACKGROUND

For purposes of this motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the Lengachers. *See Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020). In the early morning hours of May 4, 2021, Larry Lengacher was driving his semi with trailer eastbound on U.S. Highway 30 [4 ¶ 6]. Rayan Wayne was also driving a semi with trailer eastbound [*id.* ¶ 7]. At approximately 1:04 am, Mr. Lengacher was stopped at the intersection of U.S. Highway 421 in LaPorte, Indiana [*id.* ¶ 6]. Mr. Wayne rear-ended him [*id.* ¶ 7]. There was nothing Mr. Lengacher could have done to avoid or minimize the collision [*id.* ¶ 10]. He endured physical and other injuries as a result of the collision [*id.* ¶ 28].

Mr. Wayne admitted to officers that he was driving 60 mph in a 40-mph zone [*id.* ¶ 8]. He had a duty to drive in conformance with applicable safety regulations, Indiana law, and industry standards [*id.*

¶ 9]. As alleged, Mr. Wayne failed to keep an adequate lookout, drive at a safe and reasonable speed, drive defensively, and adhere to safe-driving principles expected of professional drivers [*id.* ¶ 27]. He drove while fatigued or distracted [*id.* ¶ 27]. Law enforcement's crash report faulted Mr. Wayne because he drove too fast for conditions and followed too closely [*id.* ¶ 30]. The Lengachers allege that he exhibited a conscious and reckless disregard for the safety and well-being of others [*id.* ¶ 31].

Moonlight owned the semi that Mr. Wayne drove [*id.* ¶ 19]. At the time of the collision, Mr. Wayne was acting in the course and scope of his employment with Moonlight [*id.* ¶ 22; 5 ¶ 22]. He was subject to Moonlight's control [4 ¶ 22]. Moonlight had duties under the Federal Motor Carrier Safety Regulations, state and federal law, and industry standards, including the duty to train and qualify its drivers, the duty to inspect and maintain its vehicles, and the duty to establish and implement necessary management controls and systems for the safe operation of its vehicles [*id.* ¶ 41]. In the 24 months before the suit, Moonlight's drivers were deemed out of service during nearly 23 percent of inspections when the national average during the same period was less than 7 percent [*id.* ¶ 23].

## STANDARD

The defense moves under both Rules 12(b)(6) and 12(c). Because the pleadings have closed, the court reviews this motion under Rule 12(c), though both rules employ the same standard: the complaint must state a claim that is plausible on its face, albeit here the court may consider both complaint and answer.[1] *See Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018); *Vinson v. Vermilion Cnty., Illinois*, 776 F.3d 924, 928 (7th Cir. 2015); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). Evaluating whether

---

[1] Aware of cases that still recite a pre-*Twombly* standard for Rule 12(c) motions (likewise the old standard for Rule 12(b)(6) motions), the court prefers the modern and prevailing understanding of the standard. *Compare Bishop v. Air Line Pilots Ass'n, Int'l*, 900 F.3d 388, 397 (7th Cir. 2018), *with Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020) (citing a standard that traced through separate cases dates back to 1998 and before *Twombly* in 2007).

a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted). In doing so, the court is confined to the matters addressed in the pleadings, *see Unite Here*, 862 F.3d at 595, including "the complaint, the answer, and any written instruments attached as exhibits," *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

## DISCUSSION

The court starts with count 3—the negligence claim against Moonlight. The complaint alleges that Moonlight was negligent "in the hiring, qualifying, training, entrusting, supervising, and retaining" of Mr. Wayne, for failing to inspect and maintain its vehicle, and for failing to ensure that its vehicle and driver complied with state and federal laws and regulations, including the Federal Motor Carrier Safety Regulations. Moonlight argues that, because it admitted Mr. Wayne was acting in the course and scope of his employment when the accident occurred, there can be no independent claim for negligent hiring, retention, or supervision under Indiana law.

"[W]hen an employer admits that an employee was acting within the course and scope of his or her employment, absent special circumstances, negligent hiring claims are precluded." *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1179 (Ind. 2017). Moonlight tends to gloss a critical phrase—"absent special circumstances." A request for punitive damages seems just one of these special circumstances. *See Sedam*, 84 N.E.3d at 1179 n.3 (citing *Tindall v. Enderle*, 320 N.E.2d 764, 768 (Ind. Ct. App. 1974)); *see also Finn v. Nelson*, 2020 U.S. Dist. LEXIS 107354, 2 (N.D Ind. June 18, 2020) (denying summary judgment because "one such 'special circumstance' is a situation where punitive damages are sought, because punitive damages are available for negligent hiring claims, but not typically negligence claims hinging on the doctrine of *respondeat superior*"); *Denton v. Universal Am-Can, Ltd.,* 146 N.E.3d 103, 112 (Ill. Ct. App. 2019) (same). On today's record, the dismissal of count 3 hinges on the request for punitive damages.

3

So to that topic the court now turns. Moonlight and Mr. Wayne argue that the complaint fails to state a claim for punitive damages and request the dismissal of count 4. Punitive damages are a form of relief, not a claim. *See Yost v. Wabash Coll.*, 3 N.E.3d 509, 514 (Ind. 2014) ("[W]hile punitive damages has its own prerequisite elements of proof, such elements do not establish an independent cause of action," but "may be awarded as part of the damages to which a plaintiff may be entitled if successful under a recognized existing cause of action."). This isn't a fatal point because the court may "disregard labels and treat pleadings for what they are." *United States v. Griffin*, 782 F.2d 1393, 1399 (7th Cir. 1986); *see* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Baltimore & Ohio Chi. Terminal R.R. Co. v. Wis. Cent. Ltd.*, 154 F.3d 404, 406-07 (7th Cir. 1998) (converting defense to counterclaim). The court dismisses count 4 as a separate claim or "count" but must still decide whether the Lengachers may pursue punitive damages as part of their relief.

The parties debate whether the complaint offers a plausible basis for punitive damages. To recover punitive damages, there must be clear and convincing evidence that a defendant acted with malice, fraud, gross negligence, or willful and wanton misconduct. *See Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993); *Orkin Exterminating Co. v. Traina*, 486 N.E.2d 1019, 1023 (Ind. 1986), *abrogated on other grounds by Bud Wolf Chevrolet, Inc. v. Robertson*, 519 N.E.2d 135, 136 (Ind. 1988). "Willful and wanton misconduct consists of the conscious and intentional doing of a wrongful act or omission of a duty, with reckless indifference to consequences, under circumstances [that] show that the doer has knowledge of existing conditions and that injury will probably result." *Buroker v. Brown*, 172 N.E.2d 849, 851 (Ind. 1961) (citation omitted). Moonlight and Mr. Wayne say the complaint contains no allegations that would support a finding that Mr. Wayne knew but consciously disregarded an impending danger, much less clear and convincing evidence of it. They say the Lengachers offer boilerplate allegations supported only by inference and speculation.

4

As to Mr. Wayne, the complaint alleges that he was driving 60 mph in a 40-mph zone and that he had a duty to comply with the Federal Motor Carrier Safety Regulations, Indiana law, and industry standards when driving. The complaint alleges that he failed to keep an adequate lookout, failed to drive defensively, and drove while fatigued and distracted. As additional factual context to an unsafe speed, the complaint says Mr. Wayne followed too closely, both of which at least one officer found as the cause of the wreck. The complaint says Mr. Wayne accordingly exhibited a "conscious and reckless disregard for the safety and well-being of others and the natural and probable consequences of [his] choices." In short, the complaint posits not just his knowledge of the expected standards and the conditions confronting him, but also his conscious and reckless disregard for the safety of others and likelihood of injury. Whether discovery ultimately may bear out such allegations, they suffice to articulate a plausible basis to request punitive damages against Mr. Wayne.

The defense counters that the complaint omits the requisite *mens rea*. But not really—not when the complaint specifically alleges a "conscious and reckless disregard for the safety and well-being of others" and then backs this conclusion up with facts that, when taken in the light most favorable to the Lengachers, tends to explain how this could be factually so. It would not be implausible to infer willful and wanton misconduct when a semitruck driver ignores state law or federal regulations and drives at unsafe speeds or under conditions where his fatigue or distraction keeps him from operating his semi in a safe manner. The allegations for punitive damages need not be detailed; they need only be plausible, not probable. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *see, e.g., Gray v. Westinghouse Elec. Corp.*, 624 N.E.2d 49, 55 (Ind. Ct. App. 1993) (under state pleading standard the allegation that defendant "consciously and knowingly" dumped PCBs and toxic chemicals with knowledge of the danger to another's health and property sustained a request for punitive damages to survive a motion to dismiss).

5

As to Moonlight, the complaint says the company, as an employer under the Federal Motor Carrier Safety Regulations, was required to train and qualify its driver and ensure that he observed regulatory requirements. The complaint alleges that Moonlight had the duty to inspect and maintain its vehicles and otherwise to implement necessary management controls for the safe operation of its vehicles, but that it failed to ensure its semi and driver complied with federal and state laws and regulations. The complaint says Moonlight drivers were deemed out of service at measurably higher rates as compared to the national average.

An employer may be liable for punitive damages upon a showing of willful and wanton misconduct. *See Orkin*, 486 N.E.2d at 1023. Accepting the complaint's allegations as true, the court cannot say there is a plausible basis for calling Moonlight's employment or retention of Mr. Wayne or its maintenance of the semi willful or wanton. Although the complaint alleges that Moonlight's drivers were deemed out of service at a rate over three times the national average, it says nothing of Mr. Wayne's history of being deemed out of service (whether he fits within or without this statistic), nor anything about any previous accidents, traffic violations, performance issues, or discipline by the company. It says nothing about any issues with the semi. No facts support a plausible conclusion that Moonlight consciously disregarded knowledge that Mr. Wayne or his vehicle were a danger to others on the road so as to support punitive damages. Accordingly, the complaint doesn't state a plausible claim for punitive damages against Moonlight.

Finally, the Lengachers request leave to amend their complaint. The defendants do not oppose this request in reply. Under Fed. R. Civ. P. 15(a)(2), the "court should freely give leave [to amend] when justice so requires." Leave to amend is appropriate here.

## CONCLUSION

Accordingly, the court GRANTS IN PART the motion for judgment on the pleadings and DISMISSES count 3 and the request for punitive damages against Moonlight only [6]. To the extent the

Lengachers assert a separate cause of action for punitive damages, the court DISMISSES that as a claim and CONVERTS such a request to part of the prayer for relief. The court AFFORDS the Lengachers leave to amend their complaint by March 14, 2024.

SO ORDERED.

February 22, 2024                      *s/ Damon R. Leichty*
                                                   Judge, United States District Court